487 P.2d 495

**Thomas J. O'NEIL, Plaintiff-Appellant,**

**v.**

**FURR'S, INC., and Bellas Hess Super Stores, Inc., Defendants-Appellees.**

**No. 564.**

Court of Appeals of New Mexico.
June 18, 1971.

Certiorari Issued July 21, 1971.

Lewis R. Sutin, Sutin, Thayer & Browne, Irwin S. Moise, Albuquerque, for plaintiff-appellant.

Ranne B. Miller, Keleher & McLeod, Albuquerque, for defendants-appellees.

OPINION

HENDLEY, Judge.

Plaintiff, O'Neil, a salesman, sold bakery products to defendant, Furr's Inc. It was plaintiff's obligation to keep the assigned shelf space in defendant's grocery store replenished. Because there was no guarantee that plaintiff would be able to make delivery on short notice, it was to his advantage to keep a "backup" supply of bakery products at the store in addition to those on the display shelf. Defendant's manager directed plaintiff to keep this "backup" supply on top of a walk-in cooler which was eight feet high. Other bakery salesmen also kept their "backup" supplies on top of the cooler. One day when plaintiff was on top of the cooler he slipped on some peas, fell and was injured.

Defendants' motion for summary judgment was denied. The case was tried to

a jury. Motions for a directed verdict on the theory of contributory negligence and assumption of risk at the end of plaintiff's case and at the close of all the evidence were denied. However, the jury was unable to arrive at a verdict and was discharged. Thereafter, defendants again made a motion for a directed verdict pursuant to § 21–1–1(50) N.M.S.A.1953 (Repl. Vol.1970). The court granted the motion ruling that defendants were not negligent and that plaintiff was guilty of contributory negligence and assumption of risk.

On appeal plaintiff asserts that there were questions of fact on the issue of defendants' negligence and plaintiff's contributory negligence and assumption of risk, and it was therefore error to take these issues away from the jury.

We affirm.

Our opinion will be limited to the negligence of defendants, proximate cause and assumption of risk. The issue of assumption of risk and proximate cause in those areas where defendants could have been found negligent is dispositive of the issues on appeal and we will not discuss plaintiff's contributory negligence. Williamson v. Smith (Ct.App.) 82 N.M. 517, 484 P.2d 359, decided March 26, 1971.

Plaintiff would have us rule that there were issues of fact to be determined by the jury regarding defendants' failure to provide a safe place for plaintiff to work. The allegations center around three factual circumstances: the presence of loose peas on top the porcelain cooler; defendants' not providing a ladder for plaintiff thus making it necessary for him to climb on boxes and then on top the cooler to store his "backup" supplies; and not providing a rail on top of the cooler.

## NEGLIGENCE OF DEFENDANTS.

■ The mere presence of the peas on top the cooler with no other evidence from which negligence may have been inferred did not present a question of fact to be determined by the jury. Williamson v. Piggly Wiggly Shop Rite Foods, Inc., 80 N.M. 591, 458 P.2d 843 (Ct.App.1969). Plaintiff asserts, and we agree, that he was a business visitor. Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966). In order to find one negligent towards his business invitees it is necessary that the evidence or reasonable inferences therefrom establish a dangerous condition which either is known or should have been known to the proprietor; that the dangerous condition is such that the owner realizes that his invitees would not discover the danger for themselves; and with such knowledge the proprietor fails to exercise reasonable care to protect his invitees. Williamson v. Piggly Wiggly Shop Rite Foods, Inc., supra.

■ The evidence in this case is that the peas were seen on the cooler for the first time on the day of the accident, and that plaintiff was the only person who saw them. There was neither evidence nor speculation as to how the peas got there. The proprietor and his employees had no likelihood of seeing loose peas on the cooler for only salesmen of bakery products went on top the cooler. The evidence adduced at trial leads only to the conclusions that defendants had no reason to suspect that there would be any peas on top the cooler. They could not be charged with knowledge of the dangerous situation. Hence, as a matter of law, they were not negligent on this issue to their business invitees. Williamson v. Piggly Wiggly Shop Rite Foods, Inc., supra.

## SAFE PLACE TO WORK.

We shall assume for purposes of this discussion that defendants in fact had a duty to provide plaintiff with a safe place for work. We shall further assume that the absence of a ladder and a rail constituted negligence by defendants.

■ Considering the evidence on these two issues we find that the trial court properly disposed of them as a matter of law. For the doctrine of assumption of risk to apply, it must be shown that a dangerous situation existed; that the plaintiff knew of the dangerous situation; and that the

plaintiff voluntarily exposed himself to the danger and was injured thereby. Williamson v. Smith, supra; Francis v. Johnson, 81 N.M. 648, 471 P.2d 682 (Ct.App.1970).

■■ Generally the defense of assumption of risk is a question to be determined by the trier of fact but it becomes a question of law when all the evidence will support but one legitimate inference. Stewart v. Barnes, 80 N.M. 102, 451 P.2d 1006 (Ct. App.1969); Williamson v. Smith, supra. At trial the undisputed evidence was that plaintiff knew of the dangerous situation on which he predicates defendants' negligence. He admitted that it was dangerous stacking goods on top the cooler without a ladder. He requested a ladder and none was provided. He appreciated the danger of falling from the cooler. He knew that the porcelain surface of the cooler was more slippery than concrete and was dangerous since it did not have a protective rail around the top. This evidence leads to but one conclusion, that the plaintiff knew and appreciated the danger.

■ Plaintiff urges us, however, that he did not voluntarily assume the risk. He contends that he "was ordered, in effect coerced, into working on top the box." In light of the testimony that plaintiff had to please the store manager or lose his shelf space and since he was paid on commission, plaintiff's contention approaches the "economic coercion" argument. However, this court has recently reiterated its stand that "economic coercion" does not negate voluntariness. Williamson v. Smith, supra. Under the facts of this case, as a matter of law, plaintiff voluntarily assumed the risk of the absence of a rail on the top of the box.

Williamson v. Smith, supra, also refers to the view that a servant does not assume the risk if there is an assurance by the master that a condition, about which the servant has complained, will be remedied. Under this view, it is doubtful that plaintiff may be held, as a matter of law, to have assumed a risk arising from the absence of a ladder under the evidence. Even if assumption of risk is not applicable to the absence of a ladder, the undisputed evidence is that the ladder simply had nothing to do with the accident. There is evidence that the peas caused the fall and that the guard rail would have prevented the fall to the floor. There is only speculation that the absence of the ladder had anything to do with the fall. The absence of the ladder, insofar as it supports a theory of an unsafe place to work, simply is not a causal element in plaintiff's accident.

Affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.