646 P.2d 1254

David L. MOORE, Plaintiff-Appellee,

v.

BURN CONSTRUCTION COMPANY and
the City of Alamogordo, Defendants,

and

Commonwealth Frontier Theatres Corpo-
ration, Defendant-Appellant.

No. 5636.

Court of Appeals of New Mexico.

May 6, 1982.

Certiorari Denied June 17, 1982.

Edward E. Triviz, P. A., Las Cruces, for
defendant-appellant, Commonwealth Fron-
tier Theatres.

Thomas A. Sandenaw, Jr., Peter M. He-
bard, Alamogordo, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Plaintiff, operating a motorcycle, ran into
the concrete portion of a sewer manhole
allegedly extending above the "finish
grade" of the installation. The manhole
was a part of a sewer line installed by the
construction company under a contract with
the city. The city had condemned an ease-
ment within which the sewer line was in-
stalled. The easement was across land
owned by the theater corporation, outside
of the fence enclosing a drive-in theater.
Plaintiff sued the construction company,
the city and the theater corporation for
damages, alleging that each of the defend-
ants had been negligent. The theater cor-
poration, hereinafter referred to as the
landowner, moved for summary judgment
on the basis that it had no duty to plaintiff.
The motion was denied; we granted the
landowner's application for an interlocutory
appeal. The issue is the landowner's duty
to plaintiff; if the landowner owed no duty
to plaintiff, it is not liable to plaintiff on a
theory of negligence. *Latimer v. City of
Clovis*, 83 N.M. 610, 495 P.2d 788 (Ct.App.
1972).

This is not a case where the landowner
caused an alleged dangerous condition to be
constructed on the land. See *Budagher v.
Amrep Corp.*, 97 N.M. 116, 637 P.2d 547
(1981). It is undisputed that the landown-
er's only relation to the sewer line was that
an easement for the line was established
across its land under the power of eminent
domain. It was the city's line.

This is not a case where the landowner permitted a dangerous manhole to exist on the land. See *Mitchell v. C & H Transp. Co., Inc.*, 90 N.M. 471, 565 P.2d 342 (1977); *Baker v. Fryar*, 77 N.M. 257, 421 P.2d 784 (1966). The undisputed showing (the judgment in the condemnation suit) is that the city has "the full and unrestricted right" to use the land within the easement for sewer line purposes, including the right to construct and maintain any part of the sewer line and remove either man-made or natural obstructions which interfered. The landowner could use the ground within the easement but only "insofar as such use does not interfere with the rights of the city * * *."

Plaintiff does not contend that the landowner is responsible for the existence or condition of the manhole; his claim involves the surface condition of the land after the manhole had been installed. In his deposition, plaintiff testified that the wheels of the cycle dropped into a rut, that this rut led to the manhole, that his collision with the manhole occurred in attempting to extricate the wheels from the rut. Plaintiff contends the manhole was a danger to persons using the "road" where the manhole was located and that the landowner was negligent either in (a) failing to maintain the "road" in a safe condition, or (b) failing to warn either that the "road" had been "closed" or that the condition of the "road" had been changed. These allegations, in an unsworn complaint, were not evidentiary and did not amount to facts to be considered in deciding the summary judgment. *Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 468 P.2d 892 (Ct.App.1970). The theories of relief—failure to maintain and failure to warn—are, however, pertinent to the issue of the landowner's duty to plaintiff.

The landowner asserts it had no duty to maintain the easement, citing *Kennedy v. Bond*, 80 N.M. 734, 460 P.2d 809 (1969), and *Dyer v. Compere*, 41 N.M. 716, 73 P.2d 1356 (1937). See also *Huff v. McClannahan*, 89 N.M. 762, 557 P.2d 1111 (Ct.App.1976).

These cases involve the rights and duties between the owners of the dominant and servient estates in an easement, and are not applicable to this case which involves the duty of the landowner to a user who had no such ownership interest.

The landowner's duty to plaintiff depends on the status of plaintiff. *Latimer v. City of Clovis*, supra. See generally, U.J.I. Civil, Chapter 13, *Owners and Occupiers of Land; Tort Liability*, N.M.S.A.1978 (1980 Repl. Pamph.).

Plaintiff makes three claims as to his status; none have record support.

First, plaintiff relies on a dangerous instrumentality doctrine discussed in *Sutton v. Monongahela Power Co.*, 151 W.Va. 961, 158 S.E.2d 98 (1967). *Sutton* explains this West Virginia doctrine to be similar to the attractive nuisance doctrine applied to dangerous conditions at a place frequented by trespassing children. See *Latimer v. City of Clovis*, supra; U.J.I. Civil 13.12. Plaintiff was not a child; the attractive nuisance doctrine is not applicable.

Second, plaintiff contends the accident occurred on a road and his status was that of a user of the road. Plaintiff's deposition testimony expressly disclaims a public road; such a disclaimer is appropriate because the landowner would have no duty to maintain a public road. See U.J.I. Civil 13.16 and 13.17 and Committee Commentary to these instructions. The term "private road" has a variety of meanings. See "private road" under "road" in Black's Law Dictionary (4th Ed. 1951). Plaintiff does not expressly state in what sense he uses "private road"; however, his reliance on *Marsden v. Eastern Gas & Fuel Assoc.*, 7 Mass.App.Ct. 27, 385 N.E.2d 528 (1979), indicates that private road is used in the sense of a private way, owned and controlled by the landowner but used by the public without restriction. Because of this control the landowner was held liable, in *Marsden*, for injury resulting from a defect in the private way. The undisputed showing as to plaintiff's status is not comparable to the *Marsden* facts be-

cause there is no showing either of controlled use by the landowner or unrestricted public use; the showing, set forth subsequently, is of an absence of control with a limited use by discrete types of users.

Third, plaintiff contends he was an invitee and, on that basis, claims the landowner's duty was that owed to business invitees. U.J.I. Civil 13.9 and 13.10; *Mitchell v. C & H Transp. Co., Inc.*, supra. There is no showing raising questions as to whether, in fact, plaintiff was a business invitee as defined in U.J.I. Civil 13.3. The undisputed showing as to plaintiff's status raises no issue as to whether plaintiff was a business invitee, or was an invitee of any kind.

The showing of plaintiff's status is in plaintiff's deposition and in an affidavit filed by another person.

The affiant states there is a trail from "the junkyard" across the back of the theater to trailers on the west side of the theater; that the affiant had seen motorcycle riders use the track frequently over the last four years (thus, since 1977; the affidavit was executed in November, 1981); that the affiant had ridden his motorcycle on the track on at least a weekly basis since September, 1977; that the track "ran in the same direction and in the same space as was used for the sewer line"; that it was "common knowledge among those who use motorcycles that the trail and the surrounding area was used for the testing of motorcycles and for recreational riding."

Plaintiff deposed there were trails (in the plural) behind the theater that had been used by motorcyclists and a main trail in the same area as the sewer easement. Plaintiff had ridden in the area approximately twice a week in the months of 1979, prior to the accident in August, 1979. He rode the main trail area both before and after the easement area was cleared; the clearing of the easement resulted in the trail being widened.

Plaintiff also deposed that usage of the trails was basically limited to foot traffic, bicycles and dirt bikes. The use by dirt bikes was for testing and recreational riding. At the time of the accident, plaintiff was testing the bike of an acquaintance.

We do not know how far the trails extended to the east. The affiant indicates an eastern terminus at the junkyard; plaintiff deposed he had ridden as far east as the overpass. A plat, attached to one of the depositions, indicates the locations of the junkyard and the overpass; however, we do not know whether the trail was on the land of more than one owner.

We do know that the trail area behind the theater, including the trail on which the accident happened, was on the property of the landowner, that this property had been so used approximately two years before the accident in August, 1979. This showing raised a factual question of the landowner's knowledge of such use. *Sanchez v. Dale Bellamah Homes of New Mexico, Inc.*, 76 N.M. 526, 417 P.2d 25 (1966). This showing also raised a factual question as to whether motorcycle riders, such as plaintiff, had a private right-of-way; that private right-of-way would be the privilege of passing over the trails with motorcycles. *Trigg v. Allemand*, 95 N.M. 128, 619 P.2d 573 (Ct.App. 1980).

We assume, for the purposes of deciding the propriety of the trial court's denial of summary judgment, that plaintiff in fact had a right-of-way on the landowner's property for riding motorcycles. This privilege would seem to come within the definition of a licensee by implied permission, U.J.I. Civil 13.2, and involve the duty of a landowner to a licensee, U.J.I. Civil 13.8. If the duty to a licensee, stated in U.J.I. Civil 13.8, applies, the landowner's showing as to the requirements of U.J.I. Civil 13.8 was insufficient and summary judgment was properly denied.

■ The question is whether the duty owed to a licensee applies to the factual situation in this case. There is a similarity between the duty to a licensee stated in

U.J.I. Civil 13.8 and the liability of possessors of land to licensees stated in Restatement of Torts 2d, § 342 (1965). However, there is also a specific Restatement of Torts rule applicable to the fact situation in this case. Restatement of Torts 2d, § 349 (1965), states:

A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care

(a) to maintain the highway or way in safe condition for their use, or

(b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know nor are likely to discover.

The Restatement of Torts is persuasive authority entitled to great weight. *Proctor v. Waxler*, 84 N.M. 361, 503 P.2d 644 (1972).

■ We hold that the rule stated in *Restatement, § 349,* supra, is applicable; that the duty to licensees stated in U.J.I. Civil 13.8 is not applicable to the specific facts in this case. Our holding is consistent with the approach taken by the Legislature in § 16-3-9, N.M.S.A.1978. See *Curl v. Indian Springs Natatorium, Inc.*, 97 Idaho 637, 550 P.2d 140 (1976). Compare *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308 (9th Cir. 1977). The rule in *Restatement, § 349,* supra, is justified, in our opinion, by plaintiff's special status which was the user of a right-of-way for motorcycle riding on the landowner's land. Compare *Bogart v. Hester*, 66 N.M. 311, 347 P.2d 327 (1959).

Assuming that plaintiff had a right to ride a motorcycle over the trails behind the theater, the landowner had no duty to maintain the trails for plaintiff and had no duty to warn plaintiff of dangerous trail conditions not created by the landowner.

Plaintiff recognizes that *Restatement, § 349,* supra, is adverse to his negligence claims against the landowner. He seeks to distinguish *Restatement, § 349,* supra, on the basis that the easement involved is a sewer easement, rather than a private right-of-way. This argument overlooks the legal issue which is dispositive. The landowner's duty is not based on the sewer easement. On the basis of the showing made, we have assumed that plaintiff had a private right-of-way. The landowner's duty to plaintiff is based on that right-of-way. Inasmuch as plaintiff's highest status, under the showing, is that of a user of a right-of-way, the duty owed in connection with that right-of-way disposes of the appeal.

The order denying the landowner's motion for summary judgment is reversed. The cause is remanded with instructions to enter a summary judgment in favor of the landowner on plaintiff's claims that the landowner was negligent. The landowner is to recover its appellate costs.

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.