Barbara ZUBCIC, et al., Appellants,

v.

MISSOURI PORTLAND CEMENT COMPANY, a Delaware Corporation and Metropolitan St. Louis Sewer District, Respondents.

No. 50512.

Missouri Court of Appeals, Eastern District, Division Two.

April 15, 1986.

Rehearing Denied May 20, 1986.

Allan & Malone, John J. Allan, St. Louis, for appellants.

George F. Kosta, Robert L. Devoto, St. Louis, for respondents.

CRIST, Judge.

Plaintiffs, consisting of the wife, mother, father and dependents of a deceased construction worker, appeal from an order of the trial court dismissing their wrongful death action against Metropolitan Sewer District (sewer district) and Portland Cement Company (landowner). We affirm.

Sewer district had an easement over land owned by landowner. Decedent, an employee of a construction company hired by sewer district to build a sewer line on the easement, was buried alive when the walls of the trench in which he was working collapsed. Plaintiffs subsequently brought this wrongful death action against sewer district and landowner. Sewer district and landowner each filed motions to dismiss plaintiffs' claim, and the trial court dismissed plaintiffs' action.

On appeal, plaintiffs assert the trial court erred in dismissing their action against sewer district, because sewer district waived the defense of sovereign immunity provided by Sec. 537.600 RSMo 1978 by having a "dangerous condition" on its property. Plaintiffs assert the trial court erred in dismissing their action against landowner because it had a non-delegable duty to guard against injuries re-sulting from an inherently dangerous activity on its land.

In their first point relied on, plaintiffs assert sewer company waived the defense of sovereign immunity, because the presence of a "long, narrow, unshored ditch of an approximate 20' depth" is a dangerous condition of sewer district's property. Sec. 537.600 provides, in pertinent part:

Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

\* \* \* \* \* \*

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, . . . .

Statutory provisions such as Sec. 537.-600(2), which waive sovereign immunity, must be strictly construed. *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 835 (Mo. banc 1985). The term "dangerous condition" has a very limited and narrow meaning. *Twente v. Ellis Fischel State Cancer Hospital,* 665 S.W.2d 2, 12 (Mo.App.1983). It refers only to physical defects in the property. *Id.* Therefore, to determine if the trial court properly dismissed plaintiffs' claim against sewer district, we must determine whether the sewer trench is a "physical defect" on sewer district's property.

We agree with the trial court the sewer trench is not a "physical defect" on sewer district's property. Decedent was engaged in the construction of the sewer, not a stranger to the condition of the property. We do not believe the narrow definition of "dangerous condition," as that term is used in Sec. 537.600, encompasses injuries to an employee resulting from construction of a sewer trench. Plaintiffs' first point is denied.

In their second point relied on, plaintiffs assert the trial court erred in dismissing their petition against landowner, because landowner had a non-delegable duty to guard against injuries resulting from an inherently dangerous activity. We disagree.

Plaintiffs cite no cases which hold landowner has a non-delegable duty to guard against injuries to the employees of an independent contractor hired by sewer district. Our research has also disclosed no such cases. In the present case, landowner's only relation to the sewer trench was that an easement for the sewer line was established across its land. The completed sewer would belong to sewer district. Under these circumstances, we conclude landowner had no duty to guard against injuries to the plaintiff, an employee of an independent contractor hired by sewer district. *See* Restatement (Second) of Torts Sec. 349 (1965); *Moore v. Burn Construction Co.*, 98 N.M. 190, 646 P.2d 1254, 1257 (Ct.App.1982).

Affirmed.

DOWD, P.J., and REINHARD, J., concur.