82 F.3d 426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Irene JOHN, Plaintiff-Appellant,
v.
T & R MARKET, INC., Defendant-Appellee.
 No. 95-2080.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1996.
 
 1
 Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Irene John appeals the district court's order granting summary judgment to defendant on her claim for personal injuries sustained when she slipped and fell at defendant's grocery store. Federal jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. 1332. Our jurisdiction arises under 28 U.S.C. 1291, and we affirm.
 
 
 4
 We review the grant of summary judgment de novo, using the same standard as the district court under Fed.R.Civ.P. 56(c). Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We examine the factual record and the inferences that reasonably can be drawn from the facts in the light most favorable to the party opposing summary judgment. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Our review of the district court's rulings based on the law of New Mexico is de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 5
 "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims...." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To withstand summary judgment, the nonmoving party must establish more than the "mere existence of some alleged factual dispute;" a showing of a genuine issue of material fact is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). There is no issue for trial based on a "mere scintilla" of evidence, id. at 252, on evidence that is "merely colorable," id. at 249-50, or on factual disputes that are irrelevant or unnecessary, id. at 248.
 
 
 6
 Ms. John asserts that there exists an issue of fact about whether defendant knew or should have known that there was a slick spot on the floor at the time she fell on it. See De Baca v. Kahn, 161 P.2d 630, 632 (N.M.1945)(slip-and-fall plaintiff must prove there existed a dangerous condition on defendant's premises and that defendant knew, or had reason to know, of the dangerous condition); Williamson v. Piggly Wiggly Shop Rite Foods, Inc., 458 P.2d 843, 844-45 (N.M.Ct.App.1969)(store owner is liable for dangerous condition only if he knows of condition, or by exercise of reasonable care, would discover it, among other things). Ms. John relies on her own affidavit and the affidavit of another shopper to establish that the slick spot was in view of three store checkers. She has produced no evidence, however, that any of those checkers, or any other of defendant's employees, saw the slick spot. She also has not offered evidence pertaining to defendant's floor cleaning or inspection practices at the time of the accident. See, e.g., id. at 846 (evidence was produced that store's floor was mopped and inspected prior to plaintiff's slip and fall). Ms. John cannot prevail simply because there was a slick spot on the floor. See Kitts v. Shop Rite Foods, Inc., 323 P.2d 282, 284 (N.M.1958)(presence of slick spot on floor, standing alone, does not establish store owner's negligence); accord O'Neil v. Furr's, Inc., 487 P.2d 495, 497 (N.M.Ct.App.1971)(mere presence of peas on cooler on which plaintiff slipped, without other evidence of negligence, did not present jury question).
 
 
 7
 Ms. John argues that her testimony and that of her witnesses, as well as defendant's testimony, would establish defendant's negligence. It was incumbent upon her to produce that evidence in the summary judgment proceedings, even if the evidence "is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." Anderson, 477 U.S. at 256-57. Considering the evidence in the light most favorable to Ms. John, we conclude she has failed to present evidence on an issue material to her case: that defendant had actual or constructive knowledge of a dangerous condition on its premises.
 
 
 8
 The record does not support Ms. John's claim that the district court entered summary judgment in violation of a local court rule. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3