**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATHANIEL D. DEBOLES; MARY
DEBOLES,

          Plaintiffs - Appellants,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, DBA Amtrak;
BURLINGTON NORTHERN SANTA FE
RAILWAY COMPANY,

          Defendants - Appellees.

No. 14-15651

D.C. No. 2:11-cv-00276-JCM-
CWH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 14, 2016[**]
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nathaniel Deboles appeals the district court's decision granting summary judgment in favor of defendant-appellee, National Railroad Passenger Corporation (Amtrak). Deboles contends that the district court erred in finding that Amtrak owed him a duty to refrain from willful and wanton conduct rather than a duty of ordinary care. In the alternative, Deboles asserts that summary judgment was improper because he produced evidence showing that Amtrak's conduct was willful and wanton.

Amtrak only owed Deboles a duty to refrain from willful and wanton conduct, because Deboles was an undiscovered trespasser. *See Ford v. Bd. of Cnty. Comm'rs of County of Dona Ana*, 879 P.2d 766, 771 (N.M. 1994)[1]; *see also Latimer v. City of Clovis*, 495 P.2d 788, 794 (N.M. 1972) ("[A] defendant owes no duty to an undiscovered trespasser except to refrain from wilfully or wantonly injuring the trespasser . . . ."). Amtrak's engineers had no reason to believe that Deboles would fail to appreciate the risk of harm in standing near railroad tracks. Indeed, Deboles expressly acknowledged that he was "aware of the dangers and

---

[1] This case is governed by New Mexico law because Deboles was injured in New Mexico.

2

risks involved in standing on or near railroad tracks" and that a "moving train can be dangerous."

Summary judgment in favor of Amtrak was appropriate because Deboles failed to raise a material issue of fact that Amtrak acted in willful and wanton disregard for his safety. *See Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1047 (9th Cir. 2015) (articulating the summary judgment standard). Engineer Long blew the horn as soon as he saw Deboles. Further, Deboles' expert concluded that the engineer activated the horn 4.3 seconds (about 500 feet) prior to the train hitting Deboles. During that 4.3 seconds, the horn was constantly blowing. *Cf. Western Constructors, Inc. v. S. Pac. Co.*, 381 F.2d 573, 576-77 (9th Cir. 1967) (observing that an engineer's failure to slow a train if he observed a vehicle stalled on the tracks a mile or one and one-half miles before the collision may constitute wanton conduct).

**AFFIRMED.**

3