482 P.2d 72

Terry SANCHEZ and Herman Sanchez, her husband, Plaintiffs-Appellants,

v.

SHOP RITE FOODS, d/b/a Piggly Wiggly Food Market, Defendant-Appellee.

No. 569.

Court of Appeals of New Mexico.

Feb. 19, 1971.

James I. Bartholomew, Albuquerque, for appellants.

Clarence R. Bass, Shaffer, Butt & Bass, Albuquerque, for appellee.

## OPINION

WOOD, Judge.

This is a slip and fall case. The trial court entered summary judgment in favor

of the defendant grocery store. The dispositive issue of plaintiffs' appeal is whether there was a sufficient basis for a summary judgment. We hold there was not and reverse.

At the summary judgment hearing, the trial court considered two items—the deposition of Mrs. Terry Sanchez and the affidavit of Rod Sanchez, identified as the store manager.

According to the deposition, Mrs. Sanchez was in the store as a business invitee. She went to the produce section to get tomatoes. She saw water dripping onto the floor " * * * so I ducked from that little counter and I slipped on that tomato as I turned. * * *" She fell to the floor. She never saw the tomato before she slipped, and didn't know how long it had been there.

There had been other times that Mrs. Sanchez had seen produce items on the floor (lettuce, green chili, grapes), and " * * * other times that the floor hasn't been too clean." However, she had never slipped on substances on the floor prior to the tomato incident. She had shopped at the store about twice a week for several years, but couldn't recall having seen any mopping or sweeping of the floor in the produce section during that time. The accident happened about 5:45 p. m., the lights were on in the store and Mrs. Sanchez had no trouble in seeing.

■ It is contended the " * * *" deposition does not show that there is any negligence whatsoever on the part of defendant * * *." We agree there are questions as to the sufficiency of the deposition to establish a prima facie case against defendant under either a "pattern of conduct" theory [Garcia v. Barber's Super Markets, Inc., 81 N.M. 92, 463 P.2d 516 (Ct.App.1969)], or a specific act of negligence theory [Williamson v. Piggly Wiggly Shop Rite Foods, Inc., 80 N.M. 591, 458 P.2d 843 (Ct.App.1969)]. Such questions are not pertinent because plaintiffs, in initially opposing defendant's motion for summary judgment, did not have the burden of establishing a prima facie case. Barber's Super Markets, Inc. v. Stryker, 81 N.M. 227, 465 P.2d 284 (1970); Kelly v. Montoya, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970). Until defendant made a prima facie showing that it was entitled to summary judgment, there was no requirement upon plaintiffs to show that a factual issue existed. Spears v. Canon de Carnue Land Grant, 80 N.M. 766, 461 P.2d 415 (1969); Rekart v. Safeway Stores, Inc., 81 N.M. 491, 468 P.2d 892 (Ct.App.1970).

Defendant, the movant for summary judgment, had the burden of establishing the *absence* of a material issue of fact and that it was entitled to summary judgment as a matter of law. Barber's Super Markets, Inc. v. Stryker, supra; Kelly v. Montoya, supra. The deposition does not make a prima facie showing of an absence of a pattern of conduct or of an absence of a specific act of negligence. Compare Rekart v. Safeway Stores, Inc., supra.

■ The summary judgment must rest then on the affidavit of the store manager. Upon being informed of the fall, he went to the produce section. He states:

"In the store, Delfino Quintana is in charge of this produce section, and as part of his duties, he sweeps the produce area floor four or five times per day; he is required to check the area throughout the day, and makes these checks approximately every fifteen minutes while he is on duty. In addition to Mr. Quintana, I also check the area when I pass through it, and the store also requires the sack boys to police the produce area when Mr. Quintana is not on duty."

The affidavit does not state that Quintana, the store manager or the sack boys performed their duties on the day that Mrs. Sanchez fell; it does not even state that Quintana was on duty that day. It says nothing about sweeping, cleaning or policing the produce section on the day of the accident. There is nothing indicating when the area was last cleaned before the fall; nothing to indicate the length of time the tomato had been on the floor. We agree

with plaintiffs; the affidavit is insufficient as a matter of law. Since defendant did not make a prima facie case entitling it to summary judgment, the summary judgment is reversed.

The case is remanded with instructions to set aside the summary judgment and reinstate the case on the docket.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.