487 P.2d 180

Servando S. SANCHEZ and Pedro Jaquis, Plaintiffs-Appellants,

v.

The PUBLIC SERVICE COMPANY of New Mexico, Defendant-Appellee.

No. 598.

Court of Appeals of New Mexico.

June 18, 1971.

Certiorari Issued July 21, 1971.

John F. Quinn, Standley, Witt & Quinn, Santa Fe, Willard F. Kitts, Albuquerque, for plaintiffs-appellants.

John B. Tittmann, Keleher & McLeod, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

Plaintiffs were laborers engaged in the laying of ten inch cast-iron water pipes in an undeveloped area near the City of Albuquerque. A crane was being used to remove the pipes from semitrucks. The crane came in contact with one of defendant's power transmission cables, energized at that time with forty-six kilovolts of electricity. Plaintiffs were injured in the accident and sued Public Service Company, alleging negligent maintenance of the power lines.

Defendant's motion for summary judgment, based on affidavits and depositions, was granted and plaintiffs appeal. We affirm.

■ In a motion for summary judgment the movant has the burden of establishing the absence of any material issue of fact and that he is entitled to judgment as a matter of law. Sanchez v. Shop Rite Foods, 82 N.M. 369, 482 P.2d 72 (Ct.App. 1971).

■ It was stipulated that only if the Public Service Company failed to meet the requirements of the National Bureau of Standards could it be held negligent in the maintenance of its power lines. An undisputed affidavit states that according to the Bureau of Standards Handbook the height of the cable in question should have been twenty-two feet above the ground. The issue of defendant's negligence therefore is whether the cable was less than twenty-two feet at the time of the accident.

It is undisputed that the crane's contact with the cable left burn marks on the cable and that the height of the cable above the ground, when measured at the point of the burn marks, exceeded twenty-eight feet.

This measurement occurred two days after the accident.

An issue is whether defendant made a prima facie showing that the cable's height above the ground, two days after the accident, was the height when the accident occurred. Such a showing was made with the following excerpt from an affidavit submitted by defendant:

"7. The 46 KV cable contacted by the crane was not displaced or damaged except for the burnt spots. * * * After the crane touched said cable the cable remained in the same position it occupied prior to the accident and it was not necessary to replace the same or in any way alter its location or installation.

"8. Said cable is now in the same location as it was on the date of said accident. * * *"

While there is no express statement that the height at the time of measurement was the height at the time of the accident, this inference follows from the statement that the cable was not displaced, that it remained in the same position after the accident as it occupied prior to the accident and is now, at the time of the measurement, in the same location.

Upon this prima facie showing by defendant, plaintiffs had the burden of showing that a factual issue existed. Sanchez v. Shop Rite Foods, supra. Plaintiffs assert a factual issue exists because of the following statement in an affidavit:

"* * * For my opinion and observation, the cause of the accident was the wires. In my estimate, the wires were from 13 to 18 feet above the ground. * * *"

It is defendant's position that the affiant's "* * * eyeball estimate, no matter how honest, cannot create a genuine issue as to the height of the cable above the ground in view of the actual physical measurement 28 feet 11 inches. * * *" Relying on Ortega v. Koury, 55 N.M. 142, 227 P.2d 941 (1951), defendant contends that under the "physical facts" rule the estimate is inherently improbable.

We agree. The physical facts rule is applicable because the estimate of thirteen to eighteen feet is inherently improbable in light of the measurement showing the height to exceed twenty-eight feet. Bolen v. Rio Rancho Estates, Inc., 81 N.M. 307, 466 P.2d 873 (Ct.App.1970). Plaintiffs have not shown a factual issue exists; the summary judgment was proper.

Plaintiffs assert the result is contrary to that reached in Wisehart v. Mountain States Telephone & Tel. Co., 80 N.M. 251, 453 P.2d 771 (Ct.App.1969). We disagree. In Wisehart, supra, there was no showing of the height of the wire above the ground on the day of the alleged accident; here a prima facie showing has been made. In Wisehart, supra, there was a dispute as to the height of the wire; here, the showing of height is undisputed because it is opposed only by an inherently improbable estimate.

The summary judgment is affirmed.

It is so ordered.

SPIESS, C. J., concurs.

HENDLEY, Judge (dissenting).

I cannot agree that the majority's interpretation of the affidavit is the only way it can be viewed. This is a summary judgment case. The rule is stated in Binns v. Schoenbrun, 81 N.M. 489, 468 P.2d 890 (Ct.App.1970) as follows:

"In determining the propriety of granting a motion for summary judgment, all reasonable inferences must be construed in favor of the party against whom the summary judgment is sought and when reasonable minds might differ * * * the matter is issuable before a jury. * * * Where the slightest doubt exists as to the material facts summary judgment should not be granted. * * *"

The majority places great emphasis on "not displaced," "remained in the same po-

sition after the accident as it occupied prior to the accident" and "in the same location."

The inference relied on by the majority could easily have been viewed in the opposite. There is no showing of height prior to the accident. There is no showing of height at the time of the accident except by plaintiffs' co-employee. There is no showing that from the time of the accident until two days later that the height was not changed.

Certainly the language "After the crane touched said cable the cable remained in the same position it occupied prior to the accident" is not conclusive as to height in this context. That statement tells us that the accident did not alter the height of the cable; but it does not tell us that no alteration followed after the accident and prior to the measurement. The affidavit could remain unaltered and be true even if in fact there was some alteration between the accident and the measurement two days later.

I respectfully dissent.