490 P.2d 962

Servando S. SANCHEZ and Pedro Jaquis, Petitioners,

v.

**PUBLIC SERVICE COMPANY of New Mexico, Respondent.**

No. 9294.

Supreme Court of New Mexico.

Nov. 8, 1971.

Rehearing Denied Nov. 24, 1971.

Standley, Witt & Quinn, John F. Quinn, Santa Fe, Willard F. Kitts, Albuquerque, for petitioners.

Keleher & McLeod, John B. Tittmann, Albuquerque, for respondent.

OPINION

STEPHENSON, Justice.

Respondent (defendant) was granted summary judgment. The Court of Appeals

**246**

affirmed. Sanchez v. Public Service Company of New Mexico, 82 N.M. 752, 487 P.2d 180 (Ct.App. decided June 18, 1971). We reverse. A statement of facts, issues and procedures had appears in the opinion of the Court of Appeals.

Summary judgment may properly be granted only if the moving party is entitled to it as a matter of law upon clear and undisputed facts. Coe v. City of Albuquerque, 81 N.M. 361, 467 P.2d 27 (1970). The evidence must be viewed in its most favorable aspect in support of a trial on the issues. Johnson v. J. S. & H. Construction Co., 81 N.M. 42, 462 P.2d 627 (Ct.App. 1969). All reasonable inferences will be drawn in favor of the party against whom summary judgment is sought. Barber's Super Markets, Inc. v. Stryker, 81 N.M. 227, 465 P.2d 284 (1970). The burden rests upon the movant to show there is no genuine issue of material fact. Cessna Finance Corp. v. Mesilla Valley Flying Serv., 81 N.M. 10, 462 P.2d 144 (1969).

There is a factual conflict here. Petitioners (plaintiffs) assert that the height of the power line was 13 to 18 feet, based upon the estimate stated in the Lovato affidavit. Defendant's position is that the line was 28 feet 11 inches high, based upon a measurement two days after the injury, coupled with a statement in the Roundtree affidavit to the general effect that the line was in the same position at the time of the measurement as it was at the time of the injury.

We are not concerned with which version weighs most heavily, but with whether there is an issue of a material fact. The height of the line being a material fact, we have no hesitancy in holding that such an issue existed.

The Court of Appeals held plaintiffs' factual position "inherently improbable"

based upon an application of the "physical facts" rule. See Ortega v. Koury, 55 N.M. 142, 227 P.2d 941 (1951) where we said:

"Physical facts and conditions may point so unerringly to the truth as to leave no room for a contrary conclusion based on reason or common sense, and under such circumstances the physical facts are not affected by sworn testimony which in mere words conflicts with them. * * *"

See also Massey v. Beacon Supply Company, 70 N.M. 149, 371 P.2d 798 (1962) and Bolen v. Rio Rancho Estates, Inc., 81 N.M. 307, 466 P.2d 873 (Ct.App.1970) where it was held:

"The rule will not be applied if the physical facts show only that the oral testimony is improbable. * * * For its application, the physical facts must be such that conflicting oral testimony is inherently improbable. * * *"

The measurement two days after the injury was a physical fact. Standing alone it was meaningless, unless related to the time of the injury. This was attempted not by any physical facts, but by mere testimony, the thrust of which was that there had been no change. The physical fact rule is hence inapplicable.

No reasonable distinction can be made between the facts and issues in this case and Wisehart v. Mountain States Telephone & Tel. Co., 80 N.M. 251, 453 P.2d 771 (Ct.App.1969), which dealt with a strikingly similar fact situation.

The trial court is directed to set aside the summary judgment and to proceed in a manner not inconsistent herewith.

It is so ordered.

COMPTON, C. J., and McMANUS, OMAN and MONTOYA, JJ., concur.