This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**U.S. BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-9,**

> **Plaintiff-Appellee,**

**v.**                                                                 No. 36,183

**BRENDA C. PRICE,**

> **Defendant-Appellant,**

**and**

**PEOPLES BANK, and AMERICA'S WHOLESALE LENDER,**

> **Defendants.**

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff F. McElroy, District Judge**

Murr Siler & Accomazzo, P.C.
Jamie G. Siler
Denver, CO

for Appellee

Brenda Price
Taos, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}     Defendant appeals from the district court's order denying her motion for summary judgment and granting summary judgment in favor of Plaintiff, as well as from the district court's order reinstating the case following a dismissal for failure to prosecute. This Court issued a notice proposing to summarily affirm the district court's reinstatement of the case and the district court's denial of Defendant's motion for summary judgment, and we proposed to summarily reverse the district court's grant of summary judgment in favor of Plaintiff. Defendant filed an informal memorandum in opposition to this Court's notice of proposed disposition, along with a number of other miscellaneous pleadings, and Plaintiff filed a memorandum partially in support and partially in opposition to this Court's notice of proposed disposition. Having duly considered the filings by both parties, we remain unpersuaded that our proposed disposition was incorrect. Therefore, we affirm in part, reverse in part, and remand to the district court for further proceedings.

{2}     With respect to the first issue—whether the district court abused its discretion in reinstating the case under Rule 1-041(E)(2) NMRA—we proposed to conclude that Defendant had not preserved her challenge for appellate review. [CN 5] Specifically,

we observed that the party seeking reinstatement following dismissal must make a showing of good cause as to why the case should be reinstated. [CN 4] *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 7, 148 N.M. 590, 241 P.3d 188. We then noted that the district court's order indicated that it found good cause to reinstate the case. [CN 5; 1 RP 81] Although Defendant's docketing statement took issue with the district court's good cause finding [DS 8-9], we recognized in our calendar notice that Defendant did not challenge good cause in the district court. [CN 5] Instead, we noted that Defendant's response below simply laid out a timeline of events and referred to the standard for dismissal—not reinstatement—under Rule 1-041(E)(2). [CN 5; 1 RP 75-76] In response to our calendar notice, Defendant asserts that her attorney "reiterated" in the docketing statement that this issue was preserved. [Reply 4] However, argument of counsel is not evidence, *State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980, and we are not otherwise convinced by Defendant's pleadings that we were incorrect in our determination that this argument was not preserved. Therefore, we do not address this issue further. *See State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)); *cf. Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal.").

{3}      With respect to the district court's grant of summary judgment in favor of Plaintiff and the denial of summary judgment in favor of Defendant, we first note that the operative question on appeal was whether Plaintiff had established standing as of the time it filed suit. [CN 6] *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1. In our calendar notice, we suggested that the note containing an undated special indorsement from the original lender to Plaintiff, filed on December 3, 2013, was not sufficient to make a prima facie case that Plaintiff had standing at the time it filed suit. [CN 7-8] We explained that while the special indorsement on the note was sufficient to show that Plaintiff was the holder of the note at the time the note was filed in district court—December 3—the fact that it was undated resulted in a failure to show that Plaintiff was the holder eight days earlier when it filed its complaint for foreclosure. [CN 8] *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 25, 369 P.3d 1046 (discussing the distinction between whether a holder of a note may enforce a note and whether it can establish that it owned the note at the time of the filing of its complaint). We acknowledged in our calendar notice that that Plaintiff submitted two affidavits, one of which purported to establish that Plaintiff was in possession of the duly indorsed note at the time it filed its complaint. [CN 8] However, we noted that the affidavit was unclear and that nothing in the affidavit purported to definitively establish the time frame in which the note was specially

4

indorsed to Plaintiff. [CN 8] Thus, because the affidavit appeared to support two reasonable inferences—one supporting standing and the other not—we proposed to conclude that summary judgment was not proper. [CN 9] *See Marquez v. Gomez*, 1991-NMCA-066, ¶ 15, 116 N.M. 626, 866 P.2d 354 ("Even if the basic material facts are undisputed, if equally logical, but conflicting, reasonable inferences can be drawn from these facts, an award of summary judgment is improper."). We consequently suggested that Plaintiff failed to make a prima facie case that it is entitled to judgment as a matter of law, and we proposed to reverse the district court's order granting summary judgment.

{4}	In response, Plaintiff argues that our reading of the affidavit is incorrect, and that the affidavit establishes that it was the holder of the duly endorsed note at the time the complaint was filed. [P MIO 6] We are not convinced, however, that our reading is incorrect, and we conclude that Plaintiff's argument serves to strengthen our determination that the affidavit is susceptible to multiple reasonable inferences. Therefore, we remain unpersuaded that the affidavit submitted by Plaintiff established its standing for summary judgment purposes.

{5}	Plaintiff next argues that even if the affidavit is insufficient, the fact that a copy of the duly indorsed note was filed in district court eight days after the complaint was filed is sufficient to demonstrate that it had standing at the time it filed the complaint.

[P MIO 8-10] Plaintiff bases this contention on Rule 1-015(A), (C) NMRA, which allows for an amended complaint to relate back to the date of the original pleading. Plaintiff acknowledges that "this rule is typically employed to allow a claim raised in an amended pleading to relate back to the date of the original pleading for purposes of the statute of limitations[.]" [P MIO 9] Nevertheless, Plaintiff argues that the copy of note filed eight days after the complaint should likewise relate back to the date of the original complaint. [Id.] Notably, Plaintiff has not provided us with authority to support its argument that Rule 1-015 applies in this context. We therefore assume none exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists). To the contrary, allowing a plaintiff to file an undated indorsed note subsequent to the filing of a complaint, and relating the undated note back to the date the complaint was filed, would potentially provide an avenue to circumvent the requirement in *Romero* and in *Johnston* that standing must be established as of the date the complaint was filed. Because there remains a dispute with respect to whether Plaintiff can establish standing as of the date it filed the foreclosure suit, summary judgment—for either side—is not appropriate.

{6} To the extent that Defendant, now acting as a self-represented litigant, has filed a number of pleadings in addition to her informal memorandum in opposition, we are

not convinced that the matters contained therein are proper for our review. That is, to the extent that Defendant has included computer printouts regarding Bank of America and a list of exhibits, we reiterate that "[m]atters outside the record present no issue for review." *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citation omitted).

**{7}** To the extent that Defendant is raising the statute of limitations stemming from a bankruptcy stay as a defense, we note that this issue was not raised in her docketing statement, aside from a brief mention in the fact section. [*See* DS 5] Defendant has not moved to amend the docketing statement to include the statute of limitations issue, *see* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown), nor has she demonstrated that the issue is viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730 (stating that the essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable). Therefore, because Defendant did not satisfy the requirements to amend the docketing statement, we decline to consider the issue.

{8} Lastly, to the extent that Defendant has requested that this Court award her one million dollars, we conclude that such an award is outside our scope of authority.

{9} Accordingly, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm in part, reverse in part, and remand to the district court for further proceedings.

{10} **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**MICHAEL E. VIGIL, Judge**