This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42470**

**ANNA MARTINEZ, Personal Representative for the Wrongful Death Estate of Alexus Bianca Cortez, and JAMES ALTAMIRANO, Guardian ad Litem for D.J.G,**

Plaintiffs-Appellants,

v.

**RACHEL CAZZOLA and RACHEL CAZZOLA TRUST, owners of 3156 La Ronda NE, Albuquerque, NM 87110,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Joseph M. Romero
Albuquerque, NM

for Appellants

O'Brien & Padilla, P.C.
William R. Anderson
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** Plaintiffs appeal the district court's entry of an adverse summary judgment and its denial of their motion for reconsideration of that judgment. This Court issued a calendar notice proposing to summarily reverse. Defendants filed a memorandum in opposition that we have duly considered. Unpersuaded by Defendants' memorandum in opposition, we reverse.

**{2}** Defendants first argue that the district court properly granted summary judgment because the affidavits submitted by Plaintiffs did not provide evidence sufficient to create a material fact dispute. [MIO 3-6] Thus, we understand Defendants to contend that this Court erred in proposing to conclude that the district court improperly entered factual findings in order to grant Defendant's motion for summary judgment. [CN 4-6]

**{3}** In our calendar notice, we proposed that Defendants' motion for summary judgment had not "indisputably resolve[d] the factual question of whether the shrubbery and vegetation was growing from any part of [their] property on the date of the accident" because Plaintiffs' summary judgment response included affidavits supported by photographs taken by the affiants "indicating both that the vegetation does grow from the 1.2 inch parcel of land and that the condition of the vegetation in that area has changed since photographs that were taken . . . after the accident." [CN 5] Defendants assert that this proposed conclusion was in error because "[n]either of the affidavits relied upon by Plaintiffs indicate that the witnesses have personal knowledge that the bushes 'grow out from under the [Defendants'] wall' or that they 'grow within 1.2 inches of the wall.'" [MIO 6] *See* Rule 1-056(E) NMRA (requiring summary judgment affidavits to "be made on personal knowledge," "set forth such facts as would be admissible in evidence," and "show affirmatively that the affiant is competent to testify to the matters stated therein"); Rule 11-602 NMRA ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.").

**{4}** We are unpersuaded by this argument. A review of the affidavits show that the affiants were providing admissible opinions based on their own observations of the shrubbery within a short period of time following the accident. [2 RP 360, 356-60, 368, 362] *See* Rule 11-701 NMRA (allowing lay opinion when a witness's testimony is based on the witness's own perception and would be helpful to a determination of a fact in issue); *see also City of Farmington v. Fawcett*, 1992-NMCA-075, ¶ 39, 114 N.M. 537, 843 P.2d 839 (allowing witnesses to give their own opinions based on their own observations). We therefore conclude that the affidavits submitted by Plaintiffs were based on the affiants' personal knowledge and sufficient to demonstrate a genuine dispute of material fact as to the location of the vegetation on the date of the accident. *See Sanchez v. Pub. Serv. Co.*, 1971-NMSC-105, ¶¶ 3-4, 83 N.M. 245, 490 P.2d 962 (concluding a material fact dispute regarding the height of a power line precluded a grant of summary judgment when one party submitted an affidavit containing a witness's eyeball estimate of the line's height, and the other party submitted an affidavit stating that the line was measured at a different height two days after the injury and was in the same position at the time of the measurement as it was at the time of the injury).

**{5}** Defendants' second contention is that Plaintiffs did not argue to the district court that it deprived them of an opportunity to be heard as to adverse possession, and as a result, this Court erred in proposing to reverse the district court's grant of summary judgment on that basis. [MIO 7-8] We reject this contention.

**{6}** As we stated in our calendar notice, Defendants first argued adverse possession in their reply in support of their summary judgment motion and the district court granted that motion without a hearing approximately ten days after Defendants' filed that reply in support of their motion. [CN 6] Thus, Plaintiffs had no opportunity to object to or be heard on the issue of adverse possession until after the district court entered its order. *See* Rule 12-321(A) NMRA ("If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party."); *cf. Freeman v. Fairchild*, 2018-NMSC-023, ¶ 24, 416 P.3d 264 (noting that the district court must ensure adequate notice and opportunity to be heard before granting a motion for summary judgment without a response from the nonmoving party).

**{7}** It is true that Plaintiffs had the opportunity to, and actually did file, a motion to reconsider the entry of summary judgment. Through that motion, Plaintiffs sought an opportunity to be heard on the issue of adverse possession, but they did not argue that the district court's entry of summary judgment erroneously deprived them of any such opportunity. However, Plaintiffs did not need to raise that argument in their motion to reconsider in order to preserve the issue for appeal. *See Butler v. Motiva Performance Eng'g, LLC*, ___-NMSC-___, ¶ 16, ___ P.3d ___ (S-1-SC-40215, June 30, 2025) (concluding that a party does not need to file a motion to reconsider to preserve issues for review when the party had no opportunity to contemporaneously object to a ruling); *id.* ¶ 17 (explaining that issues not presented in a motion to reconsider are not waived when a party seeks reconsideration after having been deprived of an opportunity to object to the order).

**{8}** Defendants' memorandum in opposition has not otherwise asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{9}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse. We remand this matter to the district court.

**{10} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**